# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

APR 21 2021

In the Matter of the Search of )
)
**a navy blue LOUIS VUITTON duffel bag with white** )    No. 4:21 MJ 7123 SPM
**and red stripes** (see Attachment A) )
) SUBMITTED TO THE COURT AND SIGNED BY
) RELIABLE ELECTRONIC MEANS
)
)

## APPLICATION FOR A SEARCH WARRANT

I, Timothy J Livingstone, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**a navy blue LOUIS VUITTON duffel bag with white and red stripes** (see Attachment A)
located in the _____Eastern_____ District of _____Missouri_____, there is now concealed

**SEE ATTACHMENT B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
    X evidence of a crime;
    X contraband, fruits of crime, or other items illegally possessed;
    X property designed for use, intended for use, or used in committing a crime;
       a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section(s) 846 and 841(a)(1); and Title 18, United States Code Sections 1956 and 1957 | conspiracy to possess and possession with intent to distribute controlled substance(s); money laundering |

The application is based on these facts:
    SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

    ✓ Continued on the attached sheet.
    ❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under penalty of perjury the foregoing is true and correct.

_____
*Applicant's signature*
Timothy J Livingstone, Task Force Officer, DEA
*Printed name and title*

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedures 4.1 and 41.

Date: _____

_____
*Judge's signature*

City and State: ___St. Louis, MO___   ___Honorable Shirley P. Mensah U.S. Magistrate Judge___
*Printed name and title*
AUSA: Erin O. Granger

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Timothy J Livingstone, your Affiant, am a Detective with the St. Ann Police Department currently assigned as a Task Force Officer of the Drug Enforcement Administration of the United States Department of Justice, St. Louis, Missouri, and, being duly sworn, state:

## INTRODUCTION AND TASK FORCE OFFICER BACKGROUND

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search **two (2) pieces of luggage, specifically a multi-color GUCCI book bag (hereinafter "Subject Bag 1) and a navy blue LOUIS VUITTON duffel bag with white and red stripes (hereinafter "Subject Bag 2).**

2.  I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) of the United States Department of Justice, and, as such, am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3.  I have been working as a TFO for DEA since July 2017.  I am currently assigned to the St. Louis Division Office, Task Force Group 32.  I have been a police officer for ten (10) years. Prior to being appointed as a TFO for DEA, I was a TFO with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 2015.  Prior to being appointed to ATF, I was a detective with the St. Ann Police Department since February 2013.  During the course of my experience, I have had multiple hours of training related to narcotics investigations through the St. Louis County and Municipal Police Academy, Midwest Counterdrug Training Center.  This training includes basic narcotics investigations, drug awareness and identification, clandestine laboratory familiarization, money laundering and drug interdiction.  In addition, I have had numerous

conversations with officers, witnesses, and informants, about the methods used in illegal narcotics trafficking and narcotics sales.

4. Since being assigned as a TFO for DEA, I have been involved in numerous investigations involving drug-trafficking organizations (DTO). Based on my training, experience, and participation in controlled substance investigations, your affiant is familiar with the methods of operation of drug traffickers. During my tenure in law enforcement, I have participated in numerous drug investigations, which have resulted in the seizure of cocaine, methamphetamine, heroin, MDMA (ecstasy), marijuana, U.S. currency, and other controlled substances. I am familiar with and have used normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the utilization of undercover agents and the use of court-authorized wire intercepts. I am also familiar with federal criminal laws, particularly those laws relating to narcotics. I am part of an experienced team of narcotics investigators that have participated in numerous drug trafficking investigations utilizing various investigative techniques.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 (a)(1) and 846 involving the distribution of controlled substances and conspiracy to distribute controlled substances, and violations of Title 18, United States Code, Sections 1956 and 1957 involving a

conspiracy to commit money laundering, have been committed by ▆▆▆▆▆▆▆▆., hereafter referred to as "▆▆▆▆▆ or other persons known and unknown.

7. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

**LOCATION TO BE SEARCHED AND IDENTIFICATION OF THE SUBJECT BAGS**

8. The property to be is as follows:

   a. a multi-color GUCCI book bag (hereinafter **"Subject Bag 1)**

   b. a navy blue LOUIS VUITTON duffel bag with white and red stripes (hereinafter **"Subject Bag 2")**

**INVESTIGATION AND PROBABLE CAUSE**

9. In 2020, DEA St. Louis Group 32 started investigating the narcotic trafficking activities of ▆▆▆▆▆▆▆ and ▆▆▆▆▆▆▆. Through the investigation, investigators seized a large amount of marijuana, assorted marijuana products including but not limited to marijuana edibles, marijuana waxes and other marijuana products. ▆▆▆▆ and ▆▆▆▆ were the head of the drug trafficking organization and were shipping large amounts of marijuana to the St. Louis area. Investigators, including your affiant, also seized multiple firearms, a large amount of U.S. Currency and made multiple arrests. ▆▆▆▆▆ pled guilty on February 11, 2020 to conspiracy to distribute and possess with the intent to distribute controlled substances in the United States District Court for the Southern District of Illinois, in case number ▆▆▆▆▆▆▆▆▆. On September 3, 2020, ▆▆▆▆▆ was sentenced to 175 months in the Bureau of Prisons, followed by five (5) years of supervised release.

10. In April 2021, DEA St. Louis Group 32 and Group 21 developed a confidential source, herein referred to as "CS"[1], who provided information on the continued drug distribution activities of ▇▇▇▇▇▇▇▇. According to the CS, ▇▇▇ is still trafficking large amounts of marijuana to the St. Louis area from California and Oregon. He/she further stated that ▇▇▇ has purchased all of ▇▇▇ houses that they utilized to distribute marijuana in 2020 and is using currently using the houses to run the marijuana distribution organization like they did in 2020.

11. On April 15, 2021, the CS contacted investigators, including your affiant, and stated that ▇▇▇ was currently in the St. Louis area collecting U.S. Currency derived from narcotic sales. The CS added that ▇▇▇ was going to fly to Las Vegas on Friday, April 16, 2021 and was planning on placing the U.S. currency within his carrying on luggage. After obtaining the aforementioned information, your affiant contacted Task Force Officer Sonny Holman of St. Louis DEA Group 33(The airport group). TFO Holman was able to confirm that ▇▇▇ had booked a one way flight on Southwest Airlines departing at 6:30 p.m. to Las Vegas.

12. On Friday, April 16, 2021, investigators established surveillance at the St. Louis Lambert International Airport and observed ▇▇▇ as he entered the airport. Keeping constant surveillance, investigators observed ▇▇▇ pass through the TSA security checkpoint and proceed towards his departing gate. As ▇▇▇ was waiting for his flight, TFO Holman and TFO Travers made contact with him. TFO Holman observed ▇▇▇ to be very nervous and his hands

---

[1] The Confidential Source is cooperating for judicial considerations. He/she was arrested with a large amount of marijuana and firearms. He/she provided text messages and made phone calls in front of investigators, including your affiant, which proved ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ▇▇▇ stated on these calls, which were monitored by investigators, that he was in town to collect money from a previous marijuana shipment. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

were shaking as he started to talk to ▌▌▌▌. TFO Holman began to ask ▌▌▌▌ questions about his luggage (**Subject Bag 1 and Subject Bag 2**), which TFO Holman observed in ▌▌▌▌ possession, ▌▌▌▌ became verbally confrontational and requested to speak to his lawyer. TFO Holman told ▌▌▌▌ that he was going to request a K-9 to sniff his luggage for the presence of contraband.

13.   K-9 Officer James Petty of the Hazelwood Police Department and his partner K9 "Jessie[2]" arrived on scene. Both of ▌▌▌▌ carry-on bags (**Subject Bag 1** and **Subject Bag 2**) were placed in different spots within the terminal. Upon arriving at both **Subject Bag 1** and **Subject Bag 2**, K-9 Officer Petty advised that canine "Jessie" reacted in a positive manner, indicating the presence of a narcotic odor. Both of ▌▌▌▌ bags were seized by Special Agent Tyler Fox, as witnessed by TFO Holman.

14.   Your affiant believes that based upon the information outlined above, ▌▌▌▌ is utilizing **Subject Bag 1** and **Subject Bag 2** to transport U.S. currency that was derived from illicit narcotics sales in the St. Louis area, to his residence in Las Vegas.

15.   **Subject Bag 1** and **Subject Bag 2 are** currently in the custody of St. Louis DEA in the Eastern District of Missouri. Attached herewith is a picture of **Subject Bag 1** and **Subject Bag 2.**

## CONCLUSION

16.   Based on the foregoing I submit that this affidavit supports probable cause for a warrant to search **Subject Bag 1** and **Subject Bag 2.**

17.   I further request that the Court order that all papers in support of this application, including the affidavit and warrant, be sealed until further order of the Court. These documents discuss an

---

[2] K-9 "Jessie" is certified through the American Mantrailing Police and Work Dog Association and is trained to detect narcotics including marijuana, heroin, crack, cocaine, and methamphetamine. Officer James Petty is a certified canine handler.

ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

_____
Timothy J. Livingstone
Task Force Officer
Drug Enforcement Administration

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedures 4.1 and 41 this _____ day of April, 2021.

_____
The Honorable SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

1. The property to be search is as follows:

    a. a multi-color GUCCI book bag (hereinafter **"Subject Bag 1)**

    b. a navy blue LOUIS VUITTON duffel bag with white and red stripes (hereinafter **"Subject Bag 2")**

**Subject Bag 1 and Subject Bag 2** are currently being held in a secure evidence vault at the DEA St. Louis Division Office, located at 317 South 16th Street, St. Louis, Missouri. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1.  All records and information relating violations of violations of Title 21, United States Code, Sections 841 (a)(1) and 846 involving the distribution of controlled substances and conspiracy to distribute controlled substances, and violations of Title 18, United States Code, Sections 1956 and 1957 involving a conspiracy to commit money laundering, that constitutes fruits, evidence and instrumentalities of violations those violations involving ▓▓▓▓ ▓▓▓▓ and occurring after **April 20, 2021**, including:

    a.  Controlled substances;

    b.  Books, records, receipts, notes, ledgers, computer hard-drives and disk records, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

    c.  Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service;

    d.  Digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room and/or digital communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

    e.  Photographs, in particular photographs of co-conspirators, assets and/or controlled substances;

    f.  United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other

documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances;

g. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

h. Papers, tickets, notes, schedules, receipts and other items relating to travel, including, but not limited to, travel to and from St. Louis, Missouri and elsewhere;

i. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys.

Case: 4:21-mj-07123-SPM   Doc. #: 16   Filed: 04/26/23   Page: 11 of 11 PageID #: 156

